UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LLOYD DWIGHT BAILEY,

                        Plaintiff,

    v.                                            **DECISION AND ORDER**
                                                                   17-CV-588S
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

1.    Plaintiff Lloyd Dwight Bailey challenges the determination of an Administrative Law Judge ("ALJ") that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled since July 5, 2012, due to generalized anxiety disorder, bipolar affective disorder, alcohol abuse, lumbago, and aortic valve defect. Plaintiff contends that his impairments render him unable to work, and thus, that he is entitled to disability benefits under the Act.

2.    Plaintiff applied for Title II Social Security Disability ("SSD") benefits on June 4, 2013, alleging a disability onset date of July 5, 2012. The Commissioner denied his application on August 23, 2013. Two days later, Plaintiff requested a hearing before an ALJ. On April 15, 2015, ALJ Eric Glazer held a hearing at which Plaintiff appeared with counsel and testified. Seven months later, on November 13, 2015, the ALJ denied Plaintiff's application for SSD benefits. Plaintiff thereafter sought review by the Appeals Council, which denied his request on April 25, 2017. Plaintiff then timely filed the current action on June 28, 2017, challenging the Commissioner's final decision[1].

---

[1] The ALJ's November 13, 2015 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

1

3. On April 30, 2018, Plaintiff filed a Motion for Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket No. 12.) On June 29, 2018, Defendant filed a Motion for Judgment on the Pleadings. (Docket No. 16.) Plaintiff filed a reply on July 27, 2018, at which time this Court took the motions under advisement without oral argument. (Docket No. 19.) For the following reasons, Plaintiff's motion is granted, Defendant's motion is denied, and this case is remanded to the Commissioner for further proceedings.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen,

859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

7. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform

3

> his past work. Finally, if the claimant is unable to perform his
> past work, the [Commissioner] then determines whether there
> is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

8. Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since July 5, 2012, the amended alleged onset date (R. at 16[2]); (2) Plaintiff's generalized anxiety disorder, bipolar affective disorder, and alcohol abuse are severe impairments (R. at 16); (3) Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in the C.F.R. (R. at 17); (4) Plaintiff retained the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. 404.1567(c), with exceptions, which includes his past relevant work

---

[2] Citations to the underlying administrative record are designated as "R."

4

as a machine operator and carpenter's helper;[3] and (5) alternatively, Plaintiff was "not disabled" per Medical Vocational Guideline 203.29 based on his RFC for medium work and considering his age, education, and work experience (R. at 19). Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act during the relevant period.

10.    In challenging the ALJ's RFC determination, Plaintiff first argues that the ALJ erred by failing to explain why he rejected a portion of Dr. Joel Straussner's opinion, when he otherwise gave it "great weight." On August 21, 2013, state agency review psychologist Dr. Straussner opined that Plaintiff could respond to supervision while performing work involving simple tasks in a low contact setting. (R. at 70.) The ALJ afforded "great weight" to Dr. Straussner's opinion and adopted the social limitations of his assessment into Plaintiff's RFC, but then without explanation failed to adopt Dr. Straussner's opinion that Plaintiff should be limited to simple tasks. (See R. at 25.) Because the ALJ offered no explanation, it cannot be determined whether this was an oversight or whether he intended to reject the simple-task limitation. While Defendant offers that the ALJ may have credited Dr. Echevarria's findings that Plaintiff had relatively mild symptoms and functional limitations, there is no indication in the ALJ's decision that he did so, and in any event, Dr. Echevarria's findings were based on outdated medical evidence. (See R. at 25 (wherein the ALJ notes that Dr. Echevarria's findings were not

---

[3] The ALJ found that Plaintiff has the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c), except that he (1) can lift and carry up to 25 pounds frequently and up to 50 pounds occasionally; (2) can push and pull consistent with his lifting and carrying limitations; (3) can sit for a total of up to 6 hours and stand or work for up to 6 hours during the course of an 8-hour work day; (4) can occasionally respond appropriately to the public; (5) can frequently respond appropriately to supervisors and co-workers; (6) will be absent once per month, at two-hour intervals each, for prearranged mental health provider appointments, including vicinity travel to and from the work site; and (7) cannot be involved in the handling, sale or preparation of controlled narcotic substances or alcoholic beverages. (R. at 19.)

5

made with benefit of most recent medical evidence regarding the severity of Plaintiff's conditions)). This post-hoc rationalization is therefore rejected. See Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999) (noting that a reviewing court "may not accept appellate counsel's *post hoc* rationalizations for agency action.") Proper consideration of this evidence is particularly important because it directly impacts whether Plaintiff would have the skill level to perform his past jobs. Consequently, this Court finds that remand is required for the ALJ to properly consider and explain his treatment of Dr. Straussner's entire opinion.[4] See McFarland-Deida v. Berryhill, No. 17-CV-6534-FPG, 2018 WL 1575273, at *3 (W.D.N.Y. Apr. 2, 2018) ("[w]here the ALJ's RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted") (citing Dioguardi v. Comm'r of Soc. Sec., 445 F. Supp. 2d at 297 (W.D.N.Y. Aug. 11, 2006) ("A claimant is entitled to know why the ALJ chose to disregard the portions of the medical opinions that were beneficial to her application for benefits.")).

11. Plaintiff next argues that the Commissioner erred in finding that he could perform his past relevant work as a "carpenter's helper" and "machine operator." (R. at 26.) Specifically, he argues that the ALJ's findings directly conflict with his unrebutted testimony. For example, Plaintiff testified that his past job as a carpenter's helper frequently required him to lift 50 pounds and up to 100 pounds (R. at 168), yet the ALJ found that Plaintiff could only lift 25 pounds frequently and 50 pounds occasionally (R. at 19). Further, in his Work History Report, Plaintiff described standing for eight hours per

---

[4] Along with challenging the treatment of Dr. Straussner's opinion, Plaintiff takes issue with the ALJ's evaluation of psychiatrist Dr. Alfred Belen, III's opinion. On remand, Plaintiff is free to raise these concerns to the ALJ.

6

day in his job as a machine operator (R. at 170), yet the ALJ found that Plaintiff could only stand or walk up to six hours per day (R. at 19).

12. In finding that an individual has the capacity to perform a past relevant job, an ALJ must make several findings: (1) a finding of fact as to the individual's RFC; (2) a finding of fact as to the physical and mental demands of the past job and; (3) a finding of fact that the individual's RFC would permit a return to his past job. See Steficek v. Barnhart, 462 F. Supp. 2d 415, 421 (W.D.N.Y. Nov. 28, 2006) (noting that an ALJ must make specific findings concerning the physical and mental demands of a claimant's past relevant work); see also SSR 82-62, 1982 WL 31386. In this regard, "[t]he claimant is the primary source for vocational documentation, and statements made by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands, and non-exertional demands of such work." Abbott v. Colvin, 596 F.App'x 21, 23-24 (2d Cir. 2015) (citing SSR 82-62, 1982 WL 31386, at *3).

13. Here, the ALJ denied Plaintiff's claim at step four and found that he was able to perform his past work as a "carpenter's helper" and "machine operator." (R. at 26.) But again, the ALJ's finding is devoid of explanation or specific findings. There is no indication that the ALJ properly analyzed the mental or physical demands of the jobs and no specific findings of fact are included. (R. at 26.) The ALJ did not question the Plaintiff about his past relevant work in detail nor did he make specific findings concerning the skill level of either job. (Id.) Remand is therefore necessary for the ALJ to properly consider whether Plaintiff can perform his past relevant work.

14. Finally, Plaintiff argues that the ALJ erred in his alternate findings at step five by failing to use a vocational expert to assess the impact of Plaintiff's non-exertional

7

limitations on the occupational base of work in the national economy. The ALJ concluded that Plaintiff was not disabled under the framework of Medical Vocational Grid Rule 203.29. (R. at 27.) He found that Plaintiff's "additional limitations have little or no effect on the occupational base of unskilled medium work." (Id.) But "[i]f a claimant has non-exertional limitations that significantly limit the range of work permitted by [the claimant's] exertional limitations, the ALJ is required to consult with a vocational expert." Zabala v. Astrue, 595 F.3d 402, 410 (2d Cir. 2010); Bapp v. Bowen, 802 F.2d 601, 604-05 (2d Cir. 1986). The ALJ found that Plaintiff can only occasionally[5] respond appropriately to the public, can only frequently[6] respond appropriately to supervisors and co-workers, and will be absent once per month, at two-hour intervals each, for prearranged mental health provider appointments. (R. at 19). The ALJ did not consider whether these are significant non-exertional limitations that would erode the occupational base of all medium work. See Seals v. Colvin, No. 15-CV-387, 2016 WL 3996718, at *4 (W.D.N.Y. July 25, 2016) ("Conclusory language, without more [specific explanation], is insufficient to support the ALJ's decision to rely on the Grids.") Remand is therefore required.

15. After carefully examining the administrative record, this Court finds cause to remand this case to the ALJ for further administrative proceedings consistent with this decision. Plaintiff's Motion for Judgment on the Pleadings is therefore granted. Defendant's motion seeking the same relief is denied.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 12) is GRANTED.

---

[5] SSR 83-10 notes that "occasionally" is defined as "occurring from very little up to one-third of the time."

[6] SSR 83-10 notes that "frequently" is defined as "occurring from one-third to two-thirds of the time."

8

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 16) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this decision.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated: June 27, 2019
Buffalo, New York


/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge